IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RANDY WILSON,

    Plaintiff,

vs.                                   Case No. 4:08cv203-SPM/WCS

CAPTAIN ROUSE, et al.,

    Defendants.

                                /


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 7.  Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A and it is *still* insufficient to state a claim upon which relief may be granted.

In the prior order directing Plaintiff to submit an amended complaint, doc. 6, Plaintiff was told that his initial complaint was insufficient because Plaintiff did "not use numbered paragraphs to present his statement of facts."  Under FED. R. CIV. P. 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." *Id.*  Once

again, however, Plaintiff failed to use numbered paragraphs. Nevertheless, despite this procedural flaw, there is no need to grant Plaintiff leave to amend as his complaint is barred by Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

Plaintiff's amended complaint complains that he was written a disciplinary report when he should have only received a corrective consultation. Doc. 7. Plaintiff alleges that the disciplinary report was not properly written because it did not comply with prison rules and procedures. Furthermore, Plaintiff contends he was not guilty of the rule infraction, unauthorized absence, and claims that he was at roll call. Id.[1]

Plaintiff's amended complaint makes clear that he lost gain time, lost privileges, and was assigned extra duties after being found guilty in the prison disciplinary hearing. Doc. 7. Plaintiff alleges due process violations and wants Defendants to be suspended without pay, and for them to pay him monetary damages. Plaintiff also contends that officials do not write-up non-Muslim inmates, but treat Muslim inmates differently and have discriminated against him and written him a disciplinary report "because he is a Muslim." Id. The disciplinary report was not overturned through the prison grievance procedures. Id.; see also doc. 1, p. 4.

Accepting as true Plaintiff's allegation that officials do not uniformly comply with Departmental rules and proceed straight to writing disciplinary reports when they should simply write a corrective consultation, those facts do not state a claim upon which relief may be granted. Plaintiff has not provided facts to show that he has a constitutional

---

[1] The charging disciplinary report was filed as an exhibit to the initial complaint. Doc. 1-2.

right to have a consultation before being issued a disciplinary report, nor could he. The Department's rule states:

> (3) Preventive discipline consists of initial orientation and continuing group and individual instruction without the necessity of taking formal disciplinary action. These corrective techniques should be employed when deviations from rules occur due to lack of understanding or when resulting from carelessness or faulty habits. The employee's counseling of an inmate is designed to eliminate future disciplinary violations and to develop acceptable standards of behavior.

FLA. ADMIN. CODE R. 33-601.301(3). This rule does not *require* a corrective consultation before writing a disciplinary report, and clearly provides that an inmate could be written a report if the charged rule infraction was deemed to be deliberate. It is reasonable to conclude that an inmate knows he must be present at his job assignment for roll call.

Moreover, this case cannot proceed because Plaintiff's claims are barred. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. To recover damages for an allegedly unconstitutional conviction, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. Id. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. Id. at 2373.

Heck has been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an

inmate's period of incarceration.  117 S. Ct. at 1589.  Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gain time credits is not cognizable under § 1983.  Plaintiff's amended complaint is squarely on point with Balisok.  Plaintiff complains about due process violations in being written a disciplinary report, but he was found guilty in the ensuing disciplinary proceeding, the result of which included the loss of gain time.  The disciplinary report was not overturned, and obviously, the gain time has not been restored.[2]  A civil rights case cannot provide such a remedy because only habeas proceedings can provide relief which would result in a speedier release from prison.  Heck, 512 U.S. at 481, 114 S. Ct. at 2369, *citing* Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Thus, Plaintiff may not use this § 1983 action to overturn a disciplinary report which would, in turn, restore forfeited gain time.  Moreover, Plaintiff may not seek monetary damages for harm allegedly suffered due to a disciplinary report that has not yet been overturned.  This case must be dismissed because no relief can be provided to Plaintiff.  Plaintiff's civil rights claims cannot go forward until Plaintiff has had the disciplinary report overturned or otherwise invalidated.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and

---

[2] Indeed, it is likely based on the exhibits presented with the initial complaint, doc. 1, that Plaintiff has not even exhausted his claims through the prison grievance procedure.

recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2008.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**